UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Darrell P. Harris | | |
| **Plaintiff** *(an Individual)* | * | Case No: 24-C-14-003699/RDB-14-2470 |
| | * | |
| V. | * | 1:14-cv-02470 |
| | * | |
| BALTIMORE CITY POLICE | * | |
| DEPARTMENT, *et al*, | * | |
| | * | |
| MAYOR & CITY COUNCIL OF | * | [DEMAND FOR JURY TRIAL] |
| BALTIMORE ("CITY") | * | |
| STEPHANIE RAWLINGS-BLAKE | * | |
| In both their official and individual | * | |
| capacity | * | |
| **Defendants** | * | |
| | * | |

** * ***************** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION

### TO THE MAYOR AND CITY COUNCIL OF BALTIMORE'S MOTION TO DISMISS

NOW COMES THE Plaintiff, hereby enters in this honorable court this Memorandum in support to oppose and deny Defendants Mayor and City Council of Baltimore motion to dismiss for the following;

### Introduction

Plaintiffs' Claims arise from a traffic stop on July 17, 2013 that turned into an assault and battery, false arrest and various other torts made in the complaint that took place on the corner of Loch Raven and Argonne Drive in Baltimore City, Maryland. Police Nathan Ulmer knowingly and willingly assaulted and battered, falsely arrested, used excessive force violating the Plaintiffs inalienable rights all listed in the complaint that are protected by Untied States and Maryland Constitutions. The Mayor appointed the Police Commissioner of Baltimore City and City Council of Baltimore confirmed by a majority vote of its members. Baltimore City Police department has established and practiced an illegal,

32  unlawful and unconstitutional practice of violating inhabitant's rights as a means to its law enforcement.
33  Mayor and City Councils backs this unlawful behavior by not making the appropriate changes needed to
34  cure its problem.
35
36  **STANDARD OF REVIEW**
37  Constitution of Maryland Art. 2. The Constitution of the United States, and the Laws made, or which
38  shall be made, in pursuance thereof, and all Treaties made, or which shall be made, under the authority
39  of the United States, are, and shall be the Supreme Law of the State; and the Judges of this State, and all
40  the People of this State, are, and shall be bound thereby; anything in the Constitution or Law of this
41  State to the contrary notwithstanding. On defendant's motion, the court must view all facts and draw all
42  inferences in the light most favorable to plaintiff. U.S. v. Diebold, 369 U.S. 654, 655, 82 S.Ct. 993, 994,
43  8 L.Ed.2d 176 "The general rule in appraising the sufficiency of a complaint for failure to state a claim
44  is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can
45  prove no set of facts in support of his claim which would entitle him to relief.' CONLEY VS. GIBSON
46  (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS
47  COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES
48  OF CIVIL PROCEDURE, 28 USCA: "***every final judgment shall grant the relief to which the party
49  in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
50  U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535 "A
51  complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking
52  in allegations of essential facts, it cannot be said that under no circumstances will the party be able to
53  recover." JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST

54 MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958).

55

## I. ARGUMENT

**1. The City does control the Baltimore Police Department, its officers and its employees.**

The City does control the Baltimore Police Department and Stephanie Rawlings-Blake is responsible in both her capacities for hiring and appointing The Commissioner in charge of Baltimore Police Department. As to many types of nonconstitutional tort actions, including those sounding in negligence, Baltimore City is immune with regard to matters classified as governmental and *not immune* with regard to matters classified as proprietary. Clea v. City of Baltimore (312 Md. 662, 1988). Proprietarily, the Mayor has custodial responsibility for the Baltimore City Police and its Commissioner. In Reed v. Mayor and City Council of Baltimore 171 Md. 115, 188 A. 15 (1936), the court said that the city's duty to the public was comparable to that of a department store owner to his customers.

A municipality is subject to suit under § 1983, see Monell v. Dep't Soc. Serv., 436 U.S. 658, 690 (1978). In addition to formal decision making, a policy or custom may "be inferred from continued inaction in the face of a known history of widespread constitutional deprivations on the part of city employees." *Id.* at 229-30; *see also Spell v. McDaniel*, 824 F.2d 1380, 1390-91 (4th Cir. 1987) (stating that a municipality can be liable where its employees unconstitutional practices become sufficiently widespread that they assume the quality of "custom or usage," and responsible policymakers, who have actual or constructive knowledge of these practices, fail "as a matter of specific intent or deliberate indifference" to correct the practices). The Police "engaged in acts and omissions under the color law and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Maryland, the City of Baltimore, and under the authority of the Mayor's office as police officers for such city".

76  In *Cooper v. Dillon 403 F.3d 1208 (11th Cir. 2005)* the court held that a state statute was not
77  mandatory and required conscious enforcement, and the city chose to enforce it. Thus, if you adopt it
78  and make it your own, it becomes your policy. A municipality is liable when the constitutional injury to
79  the plaintiff resulted from the implementation or "execution of a government's policy or custom, whether
80  made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,
81  inflicts the injury that the government as an entity is responsible under §1983" *Monell*, 436 U.S. at 694.
82  A municipal entity may not be held liable under *respondeat superior* but may only be held liable for
83  damage caused by an entity's "lawmakers or by those whose edicts or acts may fairly be said to
84  represent official policy." *Monell*, 436 U.S. at 694. *See also Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th
85  Cir. 1987) ("Because municipal liability results only when the municipality itself can be directly charged
86  with fault for a constitutional violation, it results only when policy or custom as above defined is (1)
87  fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular
88  constitutional violation" (citations and footnote omitted)).
89  The act whence the injury arose was done in obedience to a "mandatory" statue; the city was
90  thus behaving as a mere instrumentality of the state. On the other hand, where the statue, in the
91  execution of which the wrong occurred is "permissive" or "discretionary" the city's undertaking in
92  relation there to subjects the city to the liability of a private person. Police had "discretion" and failed to
93  use that discretion with malice toward the Plaintiff. "When a statue confers a power upon a corporation
94  to be exercised for the public good, the exercise of the power is not merely discretionary but imperative
95  and the words 'power and authority' in such case may be construed *duty and obligation.*" *Baltimore v.*
96  *Marriott* 9 Md. 160, 174 (1856).
97

Plaintiffs argument on the issue of control by text of Article II § 27 of the City Charter without elaboration or explanation is because it is clear, it grants the Mayor and City Council the power to exercise the police power "to the *same* extent as the State could exercise." It does not ignore the provision of Article II § 27, and that the Maryland Court of Appeals relied on for its holding in Clark because that is clear as well "no ordinance of the City or act of any municipal officer, 'OTHER than the act of the **MAYOR**' pursuant to Article IV of this Charter, Shall conflict, impede, obstruct, hinder or interfere with the powers of the Police Commissioner." Clark, 404 Md. At 23. (quoting Baltimore City Charter, art. II § 27.) This states that the MAYOR "pursuant" to Article IV of the Baltimore City Charter has the power and authority to interfere with the powers of the Police Commissioner.

**Article IV Mayor  4. General powers.**

(a) *Conservator of peace; financial oversight; report on state of City.*

The Mayor, by virtue of the office, shall have all the powers of a conservator of the peace.

(b) *Chief executive officer.*

The Mayor shall be the chief executive officer of the City, shall see that ordinances and resolutions are duly and faithfully executed, "and shall have general supervision over all municipal officers and agencies."

Mayor and City Council has the power to exercise the police power "to the *same* extent as the State could exercise. The Mayor is the Chief executive officer of the City and has general supervision over "ALL" municipal officers and agencies.

120 **II. Plaintiffs 42 18 U.S.C. § 242 claims are valid claims for deprivation of rights under the**
121 **color of law. Government will not charge Government with a crime that decision is left to the**
122 **people.**

123 The Supremacy Clause is the provision in Article Six, Clause 2 of the U.S. Constitution that
124 establishes the U.S. Constitution, federal statutes, and U.S. treaties as "the supreme law of the land".
125 Constitution of Maryland Art. 2. The Constitution of the United States, and the Laws made, or which
126 shall be made, in pursuance thereof, and all Treaties made, or which shall be made, under the authority
127 of the United States, are, and shall be the Supreme Law of the State; and the Judges of this State, and all
128 the People of this State, are, and shall be bound thereby; anything in the Constitution or Law of this
129 State to the contrary notwithstanding. Claims under 18 U.S.C. § 242 are valid because there is a clear
130 congressional intent to provide a civil remedy. Plaintiff seeks proper relief from the criminal acting's in
131 connection to suit for a jury to decide if the Statue was in fact violated. 18 U.S.C. § 242 states,

132 "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects
133 any person in any State, Territory, Commonwealth, Possession, or District **to the deprivation of**
134 **any rights, privileges, or immunities secured or protected by the Constitution or laws of the**
135 **United States**, or to different punishments, pains, or penalties, on account of such person being
136 an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens,
137 shall be fined under this title or imprisoned not more than one year, or both; **and if bodily injury**
138 **results from the acts committed in violation of this section or if such acts include the use,**
139 **attempted use, or threatened use of a dangerous weapon**, explosives, or fire, shall be fined
140 under this title or imprisoned not more than ten years, or both; and if death results from the acts
141 committed in violation of this section or **if such acts include kidnapping or an attempt to**

142 **kidnap**, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an
143 attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or
144 both, or may be sentenced to death."
145 (Emphasis added.)
146 The addition of 18 U.S.C. § 242 to suit, does not seek civil remedy but its criminal penalties
147 because of the deprivation of rights, privileges secured and protected by the Constitution or laws
148 of the United States and if bodily injury results from the acts committed in violation or if such
149 acts include the use, attempted use, or threatened use of a dangerous weapon.
150 It's the prosecutor's duty to bring suits of this nature forward but since it brings forth a
151 conflict of interest these types of cases almost are never tried by prosecutors. Therefore the only
152 remedy is a jury to find guilt. If civil liability was to be found on the defendants, then probable
153 cause should exist that a crime has been committed and case should be forwarded to a grand jury
154 for bring fourth and indictment (true bill) against the guilty parties.
155 The notions of bringing fourth criminal charges in civil forums are not foreign. Court of general
156 jurisdiction having unlimited trial jurisdiction serves both civil and criminal. Its vary Courts
157 where civil cases are made criminal by way of unconstitutional statues. (i.e. infractions to SITA,
158 child support etc.)

159 **CONCLUSION**

160 Clearly discussed above, the Supreme Laws of Land disproves any defenses stated by the
161 defendants. Weather the Baltimore City Police is an agency of the State or the City of Baltimore they all
162 work together to support the functions of government and all have taken an oath faithfully to perform
163 the duties of their offices, and to support the laws and constitutions of the United States and of the State

of Maryland. Above statements demonstrates the control the Mayor and City Council has over the Baltimore Police Department and the reason 18 U.S.C. § 242 was in addition to suit.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court to deny defendants motion to dismiss.

Respectfully submitted,

Darrell P. Harris
3302 Parkside Drive
Baltimore, Maryland 21214
410-807-1503(p)
443-632-9343(f)
darrellrealty@aol.com

## Certificate of Service

I, Darrell P. Harris certify that on this 4th day of September 2014, copies of the foregoing Reply Opposition to The Mayor and City Council Motion to Dismiss by E-mail upon the following:

| Dorrell A. Brooks | Adams, Esq, Elizabeth L | Frederic Smalkin, JR |
| --- | --- | --- |
| Baltimore City Law Department | 80 Calvert St 4th Floor | Assistaint Solicitor |
| BPD Legal Affairs | Louis L Goldstein Bldg. | Baltimore City Law Dept. |
| 100 North Holliday Street, Room 101 | Annapolis, MD 21401 | 100 N. Holliday St Rm 81 |
| Baltimore, Maryland 21202 | eadams@oag.state.md.us | Baltimore, Maryland 21202 |
| Dorrellbrooks1975@msn.com | *Attorney for Defendants,* | Fred.smalkin@baltimore.gov |
| *Attorney for Defendant* | *The Governor & State of* | *Attorney for Defendants* |
| *Baltimore Police Department* | *Maryland* | *Mayor and City Council of* |
| *E-MAIL* | *E-MAIL* | *Baltimore E-MAIL* |

Darrell P. Harris