IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DARRELL P. HARRIS** | * | |
| **Plaintiff,** | * | |
| vs. | * | Civil Action No. 1:14−cv−02470−RDB |
| **BALTIMORE POLICE DEPARTMENT.,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO STRIKE PLAINTIFF'S MOTION FOR LEAVE
TO AMEND AND AMENDED COMPLAINT**

Defendants Baltimore Police Department ("BPD") and Commissioner Anthony W. Batts ("Commissioner Batts"), by and through undersigned counsel, Kristen Hitchner, submit this motion to strike Plaintiff's Motion for Leave to Amend and Amended Complaint and in support, states the following:

1. The Plaintiff has failed to comply with Federal Rule of Civil Procedure, 15(a)(2) by virtue of filing his Amended Complaint without first having received leave of the Court to do so.

2. While Plaintiff correctly cites to Rule 15(a)(2), with regard to leave being given freely by the court when justice so requires, he has not put forth any argument that justice requires that he be granted such leave, in this case.

3. Any amendments to the Complaint, as it relates to the Defendants, are futile. The only amendments made, with regard to the BPD and Commissioner Batts, are the addition of two phrases. The first added phrase is "…by failing to properly train its police and investigate

complaints against them properly." *ECF Paper No. 54-1, Amended Complaint, ¶¶12,29,40,54,72,85,104,119.* The second added phrase is "…by failing to properly train its police and remove 'Problem Police.'" *ECF Paper No. 54-1, Amended Complaint, ¶¶13,30,41,55,73,86,105,120.* Each of these amendments is nothing more than a conclusion and is not entitled to the assumption of truth. See *Giacomelli,* 588 F.3d at 193, *quoting Iqbal*, 129 S. Ct. at 1950. The *Giacomelli* Court further stated that "*[t]his approach recognizes that 'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" Id.*, quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted) (emphasis added).

The conclusion and ruling of this Court in its Memorandum Opinion granting Defendants Motion to Dismiss stated that "Plaintiff's claim against the Baltimore City Police Department and Commissioner Anthony W. Batts fails because there are no facts alleged that would establish that they adopted policies or practices that caused injury allegedly suffered by Plaintiff". *ECF Paper No. 45.* The conclusory phrases utilized by Plaintiff in his Amended Complaint do nothing to change the nature of the Plaintiff's allegations against the Defendants.

## CONCLUSION

For the reasons stated above, Defendants BPD and Commissioner Batts respectfully request that this Honorable Court deny strike Plaintiff's Motion for Leave to Amend and Amended Complaint.

Respectfully submitted,

/s/
Kristen E. Hitchner
Federal Bar No.: 19306
Assistant City Solicitor
Email: kristen.hitchner@baltimorepolice.org

2

        Baltimore City Law Department
        Office of Legal Affairs
        100 North Holiday Street, Suite 101
        Baltimore, Maryland 21202
        Telephone: (410) 396-2496
        Facsimile:   (410) 396-2126
        *Attorney for Defendants Baltimore Police*
        *Department and Commissioner Batts*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of March 2015, a copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint and Amended Complaint was forwarded to all counsel and the Plaintiff via the court's electronic filing system.

/s/
Kristen E. Hitchner
Federal Bar No.: 19306