IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRELL P. HARRIS | * |
| Plaintiff | * |
| v. | * Civil No. 1:14-cv-2470 |
| BALTIMORE CITY POLICE DEPARTMENT, *et al.* | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF DEFENDANTS NATHAN ULMER'S AND NATALIE PRESTON'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Opposition[1] does not contest the core factual allegations in Defendants' motion for summary judgment: (1) that Plaintiff was wearing his seatbelt seatbelt improperly, with the shoulder strap resting beneath his left arm rather than across his shoulder and chest; (2) that someone other than Officer Ulmer initiated the traffic stop for that reason; (3) that Plaintiff requested his passenger to call a supervisor to come to the scene, and the supervisor and K-9 handler arrived within five minutes of each other; and (4) that Plaintiff failed to follow the proper procedure for filing a complaint with the Baltimore Police Department, then voluntarily abandoned the effort. Instead, Plaintiff attempts to cloud the factual and legal issues in this case with his subjective view of Defendants' motivations in allegedly acting in a manner Plaintiff

---

[1] In opposing Defendants' motion for summary judgment, (ECF No. 85), Plaintiff filed the following: "Motion to Oppose Nathan Ulmer's and Natalie Preston's Motion for Summary Judgment and Demand for Trial," (ECF No. 88); Memorandum in Support of Plaintiff's Opposition to Defendants Motion for Summary Judgmetn and Demand for Trial," (ECF No. 88-1); and "Affidavit of Facts," (ECF No. 88-2). For clarity, Defendants will refer to those papers collectively as "Plaintiff's Opposition" and will cite the papers by their electronic filing number.

perceives to be unprofessional or otherwise improper. Plaintiff's theories are insufficient to prevent summary judgment.

In additional to factual deficiencies, Plaintiff's Opposition contains several misstatements of applicable law, most notably:

> After seeing that the Plaintiff and passenger was in fact wearing a seat belts the police loss all legal authority to go further. The driver should be given a brief explanation and sent on her way.

(ECF No. 88-1 at 6) (citations omitted). Here, the reasonable suspicion that justified Officer Ulmer's partner's decision to initiate the stop—Plaintiff wearing the shoulder strap resting beneath his left arm rather than across his shoulder and chest—is confirmed by the video Plaintiff recorded of the stop, *see* (ECF No. 85-3); Plaintiff's deposition testimony; and Plaintiff's failure to dispute that characterization in Plaintiff's Opposition.

On the undisputed facts, Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

\_\_/s/_____
Dennis M. Robinson, Jr.
Patrick D. McKevitt
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street, Suite 1300
Baltimore, Maryland 21202-1626
Telephone: 410-347-8700
Facsimile: 410-234-2376
drobinson@wtplaw.com
pmckevitt@wtplaw.com
*Counsel for Defendants,*
  *Officer Nathan Ulmer and*
  *Sergeant Natalie Preston*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of April, 2016, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system and sent by first-class mail to:

>Darrell P. Harris
>3302 Parkside Drive
>Baltimore , MD  21214
>*Pro Se Plaintiff*

                                                        /s/                        
                                                        Patrick D. McKevitt