## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRELL P. HARRIS | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-2470 |
| | * | |
| BALTIMORE CITY POLICE | * | |
| DEPARTMENT, ET AL. | * | |
| | ****** | |

### MEMORANDUM

Plaintiff has brought this action against Officer Nathan Ulmer and Sergeant Natalie Preston. Discovery has been completed, and defendants have moved for summary judgment. Plaintiff, who is appearing *pro se*, has filed both an opposition and a surreply. Defendants' motion will be granted.

### I.

Plaintiff was stopped by Ulmer and another Baltimore City Police Officer for improper use of his seatbelt. The record establishes that plaintiff was wearing his seatbelt improperly, having his "seatbelt across with my arm over it." After plaintiff was stopped, he refused Ulmer's order to turn off his engine. When plaintiff refused to do so, Ulmer turned off the engine and pulled out the keys. Ulmer also said that he was going to call the K-9 unit.

Plaintiff had his passenger call a police supervisor. The K-9 unit and the supervisor arrived within five minutes of one another. The K-9 dog alerted.

Plaintiff testified that during the search Ulmer was in the police jeep writing tickets. Two of the tickets were for seatbelt violations and the third was for improper use of his cell phone because plaintiff recorded what the officers were doing.

1

After the incident plaintiff filed a complaint with the Internal Affairs Division.  Preston took his complaint.  It is not entirely clear what plaintiff's claim against Preston is.  She allegedly made plaintiff wait for almost an hour.  He also seems to complain that Preston forced him to make a recorded statement "against his will" and otherwise complicated the process of filing.

## II.

The traffic stop was supported by probable cause.  The subjective intentions of an officer in making the stop are irrelevant.  *See Wren v. United States*, 517 U.S. 806, 813 (1996).  Nor was there undue delay in detaining plaintiff until a K-9 unit arrived at the scene.  Plaintiff had a supervisor called to the scene, and the K-9 unit arrived within five minutes of the arrival of the supervisor.

Plaintiff has also failed to state a claim against Preston.  The rules of the Internal Affairs Division require that a complainant make a statement to the Division, and all that Preston did was to insist that this procedure be followed.

A separate order granting defendants' motion for summary judgment is being entered herewith.


Date: 5/5/16         _____

                      J. Frederick Motz
                      United States District Judge